## W. H. CAMPBELL v. THOMAS CAMPBELL.

**Descent and Distribution—Binding Election to Hold Property by Devise.**
    The mere retention of personalty, in the possession of the testator, and devisee, at his death, is not so significant of an election to hold it under a will as the acceptance of an ordinary legacy delivered to the devisee by the executor would have been.

**Same—Instructions.**
    Facts as to a binding election to hold property, under a will, not being a necessary deduction of law, but a deduction of fact, it should, by proper instructions, be left to the consideration of the jury.

**Descent and Distribution—Right of Devisee as Heir—Estoppel.**
    Though a plaintiff be held not allowed to recover property as devisee of a remainder interest, he would not be estopped to set up his right thereafter as an heir to the estate.

**Same—Limitation of Actions.**
    Whether a devisee holds property under or against a will, the one with a contingent remainder, as no cause of action would accrue, until the demise of the devisee, the remainderman or heir, would not be barred in his right by limitation, except to run from the death of said devisee.

**Maintenance—Lien.**
    Though a contract for maintenance, be repudiated by other heirs of a devisee, under the Statute of Frauds, this will not operate to destroy the right of recovery therefor as against the estate. This would create a prior lien on the property.

APPEAL FROM WASHINGTON CIRCUIT COURT.

March 1, 1869.

OPINION OF THE COURT BY JUDGE ROBERTSON:

Although Sarah O. Campbell and her son, George Campbell, held the equitable title to the land afterwards devised to her by her second husband, Andrew Gwinn, for life, remainder to some other of her children by her first husband, Campbell, and Gwinn's devise therefore passed no title *prose,* yet, as he bequeathed to her his own personal property also, her acceptance

of that bequest and appropriation of that property to her own use might amount to an election to hold the land under the will and estop her from asserting her own independent right to it. And, if nothing else appeared, her use of that personalty, and her non-renunciation of the will, though she survived the testator 27 years, would conclusively establish such election and estoppel. But her condition might allow the presumption that she was unacquainted with the legal rule that denied her right to hold under the will and against it; and her mere retention of the personalty, in the possession of the testator and herself at his death, is not so significant of an election to hold it under the will as the acceptance of an ordinary legacy delivered to her be the executor would have been. And her acceptance of a conveyance of the legal title two months after the testator's death made to herself and son, George, by her brother, under whom they had held the equity, and her conveyance to the appellant and his re-conveyance to her of the absolute title, and her contract in 1847 with the appellee Thomas Campbell that he should have *the like title after her death,* in consideration of his maintaining her, as he did, during her life, which was nearly fifteen years afterwards— all conduce to a counter presumption that she had never understandingly elected to waive her title under her brother's deed, and rather indicate that the appellant is estopped from claiming that she had so elected. Moreover, the conflicting testimony as to her intention, leaves it doubtful. whether she did not claim to hold the land under the deed, and not under the will.

From these general facts her binding election to hold under the will alone is not a necessary deduction of law, but, as a deduction of fact, should by proper instructions, have been left to the consideration of the jury. And, therefore, however the law and the facts may preponderate,. the circuit court did not err on refusing to give the appellant's second instruction peremptorily announcing, as a deduction of law, an election to hold under the will.

In the case of *Clay & Craig v. Hart, 7th Dana, p. 6,* the court made that deduction from slighter facts than those on our side in this case; but, in that case, there were no countervailing facts, as in this case.

According to the clue thus given, there is no essential error in giving or refusing instructions in this case.

But, if the appellant could not recover as devisee on remainder, he has an available right as one of his mother's heirs.

There being no written memorial of the contract under which the appellee Thomas Campbell claims the land, he cannot enforce that contract. But, if the appellant or other claimant will rely on the Statute of Frauds and repudiate that contract for the land, Thomas may be entitled to compensation for the maintenance of their mother, and to a lien on the land for security. Whether his mother held under or against the will no cause of action accrued to the appellant until her death, and consequently this suit is not barred by time. The entire case ought to have been transferred to the equity docket, and the circuit court erred in refusing to order the transfer on Thomas' application.

And, as the appellant has an available title as heir, even the to the consideration of the jury. And, therefore, however the jury was right in deciding that he has none as devisee, the verdict against him was unauthorized, and the circuit court consequently erred in over-ruling his motion for a new trial.

Where, the judgment is reversed and the cause remanded with instruction to grant a new trial, and transfer the case to the equity docket for further preparation and decree as to all the questions and interests involved in this litigation.

*Brown, for appellant.*

*Hays, for appellee.*